**BRANDENBURG v. STEELE.**

No. 13917.

United States Court of Appeals
Eighth Circuit.

Oct. 20, 1949.

See also 162 F.2d 980.

Leopold W. Brandenburg, pro se.

Sam M. Wear, United States Attorney, and Thomas A. Costolow, Assistant United States Attorney, Kansas City, Mo., filed brief for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing a petition for a writ of habeas corpus.

The appellant is a physician who is confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, under a judgment and commitment entered November 1, 1946, in the United States District Court for the District of New Jersey. The judgment was based upon the verdict of a jury finding the appellant guilty on ten of the eleven counts of an indictment. Each of the counts charged him with making an unlawful sale of narcotic drugs in violation of § 2554(a), Title 26 U.S.C.A. The trial court imposed a sentence of five years imprisonment on each of the ten counts on which the appellant was found guilty, the sentences to run concurrently.

In his petition for release on habeas corpus, filed August 12, 1948, the appellant, in effect, asserted that to charge him with eleven separate offenses in a single indictment and to try him before one jury for each of those offenses amounted to a denial of due process of law.

The District Court on August 12, 1948, dismissed the appellant's petition on the ground that the petition upon its face

showed that the appellant was not entitled to a writ.

Section 557, Title 18 U.S.C.A. (repealed effective September 1, 1948) provided: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

Rules 8(a) and 13 of the Rules of Criminal Procedure for the United States District Courts, effective March 21, 1946 18 U.S.C.A., provide as follows:

"Rule 8(a). Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

"Rule 13. The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

In view of the statute and the Rules prescribed by the Supreme Court above referred to, which authorized the procedure which resulted in the appellant's conviction, it is obvious that he is entirely mistaken in his assertion about denial of due process. He was dealt with in accordance with long established and conventional federal procedure.

There are, no doubt, other grounds which support the dismissal by the District Court of appellant's petition, but it is unnecessary to discuss or consider them.

The order appealed from is affirmed.