**UNITED STATES of America,**
**Appellee,**

v.

**Domingo Torres RIVERA, Appellant.**

**Nos. 515–517, Dockets 29564–29566.**

United States Court of Appeals
Second Circuit.

Argued June 7, 1965.

Decided June 28, 1965.

John F. Mulcahy, Jr., Asst. U. S. Atty. (Jon O. Newman, U. S. Atty., District of Connecticut, on the brief), for appellee.

John M. Fitzgerald, Hartford, Conn., for appellant.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Appellant Domingo Torres Rivera appeals on the sole ground of prejudicial joinder, from sentence on judgments of conviction on six counts of narcotics violation on trial to the jury in the United States District Court for the District of Connecticut, T. Emmet Clarie, District Judge. We find no error in the exercise of the court's discretion by denial of motions for severance and affirm the judgments.

Rivera was indicted in three indictments. In one, Cr. #11241 he was charged in two counts with violating 21 U.S.C. § 174 [1] and 26 U.S.C. § 4705(a) [2] by a sale, etc. of heroin at Hartford on or about June 4, 1964. In the second, Cr. #11242 he was charged jointly in two counts of a four count indictment with one Angel Marrero-Vega with violating 21 U.S.C. § 174 and 26 U.S.C. § 4705(a) by a sale, etc. of heroin at Hartford on or about June 5, 1964. In the third, Cr. #11253, he was charged jointly in two counts of a seven count indictment with one Jorge Luis Milan with violating 21 U.S.C. § 174 and 26 U.S.C. § 4705(a) by a sale, etc. of heroin at Hartford on or about September 1, 1964.

Rivera's motions for relief from prejudicial joinder were denied and the six counts of the three indictments naming him were consolidated for trial. The other defendants were severed, having changed plea as to some counts.

The sole question on appeal is whether there was an abuse of judicial discretion in refusing Rivera separate trials on the

1. 21 U.S.C. § 174.

Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

2. 26 U.S.C. § 4705(a).

It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate.

charges in the three indictments. The rules applicable are Rules 8(a),[3] 13,[4] and 14[5] of the Federal Rules of Criminal Procedure. The offenses charged are of the same or similar character, narcotic transactions closely related in time, place and manner of execution, so that they properly could have been joined in one indictment in separate counts. Moreover, they might have been joined as substantive counts to a count of conspiracy by Rivera and others to sell narcotics from his place of business. To be sure, the September 1 transaction was somewhat removed in time from the June transactions and a decision to sever the counts based on it would have been sustainable, but we cannot say that refusal to sever was an abuse of judicial discretion. The proof on each charge was relatively simple and uncomplicated and separate consideration, under proper instructions, well within a jury's competence. United States v. Lotsch, 102 F.2d 35 (2 Cir. 1939).[6]

The judgments are affirmed.

---

3. Rule 8(a).

Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

4. Rule 13.

The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.

5. Rule 14.

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

6. "There is indeed always a danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, that, although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all. This possibility violates the doctrine that only direct evidence of the transaction charged will ordinarily be accepted, and that the accused is not to be convicted because of his criminal disposition. Yet in the ordinary affairs of life such a disposition is a convincing factor, and its exclusion is rather because the issue is practically unmanageable than because it is not rationally relevant. When the accused's conduct on several separate occasions can properly be examined in detail, the objection disappears, and the only consideration is whether the trial as a whole may not become too confused for the jury. Hence it was the rule at common-law—certainly as to misdemeanors—that separate crimes could be joined in the court's discretion (Bishop's New Crim.Proc. § 452); and section 557 of Title 18, U.S.Code, 18 U.S.C.A. § 557, has made that doctrine applicable to felonies as well. (Indeed, that was probably also true at common-law so long as felonies and misdemeanors were not mixed in one indictment). Under that section 'two or more acts or transactions of the same class of crimes' may be joined, if that can 'properly' be done; that is, if the defendant can be fairly tried on all the charges at once. That rests in the discretion of the trial judge. Pointer v. United States, 151 U.S. 396, 400–404, 14 S.Ct. 410, 38 L.Ed. 208; Dolan v. United States, 8 Cir., 133 F. 440; Corbin v. United States, 5 Cir., 264 F. 659; Clifton v. United States, 54 App.D.C. 104, 295 F. 925 (semble). Here we can see no prejudice from joining the three charges: the evidence as to each was short and simple; there was no reasonable ground for thinking that the jury could not keep separate what was relevant to each." United States v. Lotsch, 102 F.2d at p. 36.