Frank DOBBINS, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 3836.

Supreme Court of Wyoming.

March 19, 1971.

Thomas J. Fagan, of Fagan & Fagan, Casper, for appellant.

James E. Barrett, Atty. Gen., Hugh B. McFadden, Jr., William L. Kallal, Asst. Attys. Gen., Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice GRAY delivered the opinion of the court.

The defendant, Frank Dobbins, in two informations was charged with the possession and sale of marijuana to a minor contrary to the provisions of §§ 35–350 and 35–369, W.S.1957. The overt act charged in the first information occurred on May 9, 1969, and on February 11, 1969 in the second information, and two different purchases were involved. On motion by the State the trial court, pursuant to Rule 12, W.R.Cr.P., and over the objections of the defendant, consolidated the informations for trial which resulted in a verdict by a jury finding defendant guilty as charged on the first information and not guilty on the second. Judgment was entered accordingly and defendant was sentenced to a term in the penitentiary of not less than two and not more than three years.

On this appeal the defendant contends that the court erred in entering its order of consolidation; in permitting testimony introduced by the State and received over defendant's objection of a claimed privileged communication between the defendant and his attorney; in refusing to grant a continuance or a mistrial because of prejudicial newspaper publicity; in overruling defendant's objections to evidence offered by the State tending to show defendant guilty of offenses not charged in the informations; in overruling objections to certain instructions by the court to the jury and refusing to grant certain instructions offered by defendant; and contends that the verdict of the jury was not sustained by sufficient evidence.

## CONSOLIDATION

The defendant in support of his objections to the State's motion for consolidation asserted among other things that the overt acts charged in the informations were separate and distinct transactions with no related circumstances; that the principal witnesses of the State in the two cases would not be the same; that a confusing situation would be created whereby the jury might cumulate the evidence relating to both transactions; and that an unfair burden would be placed on defendant for counsel to prepare for and defend two separate cases at the same time. Following entry of the order defendant filed a motion seeking reconsideration, and in addition to the foregoing asserted that the order placed defendant in a position whereby he would be unable to testify on his own behalf concerning one of the offenses without waiver of his right not to do so with respect to the other offense.

The Rules of Criminal Procedure or portions thereof pertinent are as follows:

### Rule 12

"The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants, if there is more than one, could have been joined in a single indictment or information."

### Rule 11(a)

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction, or on two or more acts or transactions connected together or constituting part of a common scheme or plan."

### Rule 13

"If it appears that a defendant or the State is prejudiced by a joinder of offenses or of defendants in an indictment or information, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. * * *"

■ In considering the points raised here perhaps it should first be noted that the foregoing rules were taken from Rules 8(a), 13, and 14, Fed.Rules Cr.Proc. Consequently precedent emanating from the Federal courts on such matters must be given great weight on the question before us.

■ Keeping in mind that the defendant's objections here were not renewed at the trial, our initial concern is whether or not the offenses charged in the two informations are of the "same or similar character," as Rule 11(a) provides, and "grew out of a common plan of operation." Roth v. United States, 10 Cir., 339 F.2d 863, 865. While it is true that the two overt acts charged occurred at different times, it is clear that the charges fell into this category. In United States v. Rivera, 2 Cir., 348 F.2d 148, the defendant there was charged with the sale of narcotics on different dates in three different indictments. In ruling upon the contention of the defendant that the trial court erred in an order consolidating the indictments for trial and thus abused its discretion, the court stated, 348 F.2d at 150:

"* * * The offenses charged are of the same or similar character, narcotic transactions closely related in time, place and manner of execution, so that they properly could have been joined in one indictment in separate counts. * * *"

In our view the rationale there is applicable here. Other Federal authorities to the same effect are Smith v. United States, 5 Cir., 357 F.2d 486, 489; Williamson v. United States, 9 Cir., 310 F.2d 192; and Brandenburg v. Steele, 8 Cir., 177 F.2d 279.

■■ In passing upon this question we recognize, as other courts have recognized, as a general proposition that there is always a possibility of prejudice resulting

from a joinder of similar offenses and care must be taken at the initial stage of the proceedings to guard against such a possibility. In doing so one of the prime considerations is whether or not evidence relating to the similar offenses charged would be admissible in the separate trial of each offense. Smith v. United States, supra. Undoubtedly, the trial court had this in mind at the time of his ruling and on the basis of what was said in State v. Lindsay, 77 Wyo. 410, 317 P.2d 506, 510, concerning the admissibility of evidence relating to other crimes when such evidence "tends to show a plan, scheme, system, or course of conduct," the trial court was warranted in concluding that prejudice would not result.

■ Our next concern is whether or not the defendant, as asserted, was prejudiced as a result of the joint trial. As a general proposition it is well established that the grant or denial of severance is a matter of discretion with the trial court and will not be reversed except for clear abuse of such discretion. Gornick v. United States, 10 Cir., 320 F.2d 325, 326; Walton v. United States, 10 Cir., 334 F.2d 343, 347, certiorari denied Comley v. United States, 379 U.S. 991, 85 S.Ct. 706, 13 L. Ed.2d 612, and Chow v. United States, 379 U.S. 991, 85 S.Ct. 707, 13 L.Ed.2d 612; Sullins v. United States, 10 Cir., 389 F.2d 985, 989. The same rule has been applied where separate indictments or informations have been consolidated for trial. United States v. Rivera, supra. It is also the rule that on a motion for severance the burden is on the movant to present facts demonstrating that prejudice will result from a joint trial, which in effect would be a denial of a fair trial. United States v. Wolfson, S.D.N.Y., 289 F.Supp. 903, 908; United States v. Steel, S.D.N.Y., 38 F.R.D. 421, 423. While the attack of the defendant here was by way of resistance to the pretrial motion of the State for consolidation rather than a motion for severance, and while no authority has come to our attention holding directly on the point, it would

appear by analogy that once the State on its motion makes a prima facie case warranting consolidation of the separate informations it. is incumbent upon the defendant to come forward with facts and circumstances establishing wherein he will be prejudiced by a joint trial. We hold that the defendant has not met that burden.

■ In the first instance the issues and the proof on each charge were relatively simple and not complex. Although defendant lays much stress upon the fact that the principal witnesses of the State in proof of the charges were not the same, we fail to see where that was of great significance under the rule. Such testimony was clear and explicit as to each offense and the trial court very carefully instructed the jury that it should deliberate upon and decide each of the State's charges separately and independently from the other and under no circumstances was it to consider the facts and evidence relating to one of the charges in determining the guilt or innocence of the defendant on the other. It is presumed, of course, that the jury followed these instructions, and as we view it that presumption is strengthened by the jury's action in acquitting defendant of the charges contained in the second information. As pointed out in Tillman v. United States, 5 Cir., 406 F.2d 930, 936, vacated in part and remanded for further proceedings on other grounds 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742, a reviewing court will invariably draw an inference from such circumstance that the jury did not cumulate the evidence pertaining to each charge. In addition it is the rule in the Circuit Court of Appeals, Tenth Circuit, at least, that ordinarily an acquittal on a misjoined count cures the misjoinder. Gornick v. United States, supra.

■ Likewise we find no merit in defendant's contention with respect to deprivation of his right to testify concerning one of the charges without waiving his right not to do so with respect to the other charge. This, of course, presents a rather serious question but we are of the view

that something more than the mere assertion of such a claim was necessary. At no time either before or during the trial did the defendant indicate to the trial court that he desired to exercise such right. Even now the defendant does not identify the charge on which he desired to testify. It is our view that it was incumbent upon him to do so in order "to weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying." Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958, 977, on remand 301 F.Supp. 973, affirmed 139 U.S.App.D.C. 126, 430 F.2d 499.

■ Concerning defendant's claim that the consolidation of the informations would place an unfair burden upon the defendant and counsel in preparation for trial, it appears here again that the apprehensions of counsel did not materialize. Our review of the record discloses that in advancing such argument counsel was somewhat modest in his ability to cope with the consolidation. The record discloses that the testimony of the State in support of the charges was subjected to thorough and skillful cross-examination by counsel for the defendant, and peculiarly the charge upon which defendant was acquitted was originally set for trial subsequent to the charge upon which the defendant was convicted.

## THE PRIVILEGED COMMUNICATION

■ During the preliminary hearing on the offense charged in the information on which defendant was found guilty, the State's witness Baker, with some difficulty, was testifying as to the time when the alleged overt act occurred. During such testimony defendant stated to his counsel, "I did not give it to him then, it wasn't then, I was in class." The remark was overheard by the witness Dalgarno, who was sitting some twelve or thirteen feet from the table of defendant's counsel, and over the objection of defendant that the state-

ment was a privileged communication between counsel and client the witness was permitted to testify to the remark so made. We find no merit in defendant's contention that the trial court's ruling was in error. It is academic that a confidential communication between an attorney and his client overheard by a third person is not privileged. 58 Am.Jur. Witnesses, § 365, p. 216.

## ADVERSE NEWSPAPER PUBLICITY

At the commencement of the trial a Casper newspaper ran a story reciting that selection of a jury to try this case, which had been delayed because of the trial of another case, had been commenced and briefly recited the charges contained in the informations. The story concluded with a statement that "In a District Court hearing June 10, Dobbins was referred to as a 'wholesaler' of marijuana." In our review of the record we noticed that the statement quoted is somewhat inaccurate inasmuch as the only proceeding reflected was the holding on that date of a preliminary hearing of the complaint filed with the justice of the peace. That, however, is not the basis of defendant's contention that he was prejudiced by such adverse publicity and that the trial court erred in refusing to grant a continuance or mistrial. He claims that the story was highly prejudicial for the reason that it referred to defendant as a "wholesaler" of marijuana.

■ The record indicates that the story was brought to the attention of the jury panel during the proceedings on voir dire, which were not reported and as a consequence the record is most obscure as to what occurred at that time. Apparently a motion was made for a continuance or for the granting of a mistrial and was denied. The motion was renewed, however, during the trial and during the argument thereon the county attorney stated that none of the individual jurors when asked if they had read the story indicated that they had done so. On the other hand, counsel for the defendant stated to the court that from one-

third to one-half of the panel indicated it had read the article. The trial judge again denied the motion and stated that he was "satisfied that the Jury was uninfluenced by the reported publicity." The burden to show that prejudice resulted from the ruling was, of course, upon the defendant and from the foregoing it clearly appears that no such showing has been made.

Defendant in fact has failed to develop such point in his brief or argument but undertakes to bring his claim within the rule of inherent prejudicial publicity as laid down by the United States Supreme Court in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600. A most cursory reading of the opinion in that case discloses that the single story before us does not in any way approach the adverse and erroneous publicity that the Supreme Court dealt with in that case and even the earlier case of Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543, rehearing denied 382 U.S. 875, 86 S.Ct. 18, 15 L. Ed.2d 118, on remand Tex.Cr.App., 396 S. W.2d 123.

■ In addition we might say that the story in and of itself, other than the inaccuracy pointed out, is a fair statement concerning the proceeding and as was stated in Sheppard, supra, 86 S.Ct. at 1522, "there is nothing that proscribes the press from reporting events that transpire in the courtroom." Consequently we find no error in the trial judge's ruling.

## EVIDENCE OF OTHER OFFENSES

■ During the trial the State's witness Baker over the objection of defendant testified that in addition to the hashish he obtained from defendant on May 9, 1969— the date charged in the first information —he also received on the same day some 27 tablets of mescaline and arranged for the receipt of one-half ounce of "speed." In support of his claim that such testimony was inadmissible as constituting evidence of other crimes and compounded the error in consolidating the informations for trial, the defendant relies upon Tobin v. State, 36 Wyo. 368, 255 P. 788; Rosencrance v. State, 33 Wyo. 360, 239 P. 952; and State v. Wells, 29 Wyo. 335, 212 P. 1099. We think those cases are not particularly helpful inasmuch as the mescaline and "speed" were a part of the marijuana transaction. Apparently counsel for defendant overlooks the statement in Tobin that "Evidence of another distinct crime is admissible where it was committed as a part of the same transaction." 255 P. at 790. In addition, as we have heretofore indicated, such testimony would be admissible under the rationale of State v. Lindsay, supra. In State v. George, 95 Ariz. 366, 390 P.2d 899, the court had before it substantially the same question we have here and it was held that evidence of the "simultaneous sale of another narcotic not included in the charge was admissible." 390 P.2d at 902.

## INSTRUCTIONS

■ In Instruction 8 the jury was told it was "unlawful for any person to possess, have under his control, sell, or dispense any narcotic drug." This was then followed by Instructions 9, 10, and 11, which defined the meaning of those terms. It is not claimed that the latter instructions did not correctly define those terms but defendant contends that they were repetitious, overemphasized the charges against defendant, and invaded the province of the jury. We fail to grasp the force of such argument. No authority is cited in support thereof and while it may be true that the jury could be expected to have some general knowledge of the meaning of those terms and that Instruction 8 which followed the language of the statute was sufficient, State v. Woodward, 69 Wyo. 262, 240 P.2d 1157, 1164, it does not follow that there was error in more precisely defining those terms provided, of course, the defendant was not thereby prejudiced. 23A

C.J.S. Criminal Law § 1191, p. 487. As to this, the defendant has not in our view met his burden to show wherein he was prejudiced by the instructions.

Defendant next attacks Instruction 14 [1]. which he contends contradicts and renders ineffective Instruction 12 [2] pertaining to the presumption of innocence and Instruction 13 [3] pertaining to reasonable doubt. We have recently had occasion to pass upon those same contentions in Kennedy v. State, Wyo., 470 P.2d 372, rehearing denied 474 P.2d 127, certiorari denied 401 U. S. 939, 91 S.Ct. 933, 28 L.Ed.2d 218, and in Carrillo v. State, supra. Such contentions were rejected in both of those cases and nothing is presented here that would persuade us to overrule them. In fact our holdings would appear to be somewhat strengthened by refusal of the United States Supreme Court to grant certiorari in the Kennedy case.

■■■■ In addition to the foregoing, complaint is made by defendant of the refusal of the trial court to give his offered instruction to the effect that in weighing the credibility of an informer the jury *may* consider any evidence tending to show a motive or inducement for such testimony. As a general rule questions as to credibility of witnesses may be left to general instructions without reference to any particular witness. Strand v. State, 36 Wyo. 78, 252 P. 1030, 1033. That was done here by stock Instruction 1, which in our view fully covered the matter. We have many times held it is not error to reject a profferred instruction which has been substantially covered by another instruction. When it is considered here that the defendant's instruction was leveled at the

State's witness Baker, who at the time had also been charged with a violation of the narcotic laws, which circumstance was fully exploited by defendant's counsel during the trial, it would appear that the instruction given was more favorable to the defendant than his proffered instruction inasmuch as it advised the jury that it "should" rather than "may" take into consideration the "interest" and "motives" that any witness might have in giving testimony.

Defendant also complains of the rejection of other instructions offered by him, but here again those instructions were substantially covered by the instructions given.

Right here we might mention that the jury apparently considered Baker's testimony credible, which was a matter for the jury, and consequently there is no merit in defendant's argument that the verdict was not sustained by sufficient evidence.

### THE SENTENCE

Defendant's counsel, at the time of argument herein, importuned the court seriously to consider some modification of the sentence imposed by the trial court for the reason that defendant is married, has a small child, and since the commission of the offense on which he was convicted has been attending the University of Wyoming and has otherwise so rehabilitated himself as now to be entitled to some leniency by the courts.

■■■■ In response, we would point out that such matter must first be brought to the attention of the trial court, which the record discloses has not been done. Rule 36, W.R.Cr.P., among other things provides that the trial court within 120

---

1. Set forth verbatim as Instruction 8 in Carrillo v. State, Wyo., 474 P.2d 123, 124.

2. Set forth verbatim, with one exception not significant, as Instruction 7 in Carrillo v. State, supra.

3. Instruction 13 was as follows:
"The Court instructs the jury that a reasonable doubt is such a doubt as exists

in the mind of a reasonable man after a full, free and careful examination and comparison of all the evidence. It must be such a doubt as would cause a careful, considered and prudent man to pause and consider before acting in the grave and most important affairs of life."

days after affirmance here of a judgment of conviction is, upon proper application, empowered to reduce the sentence originally imposed. The rule is intended to afford a defendant an opportunity to seek relief on the grounds advanced and to afford the trial court an opportunity to reconsider his former action in the light of interim developments. United States v. Ellenbogen, 2 Cir., 390 F.2d 537, 543, certiorari denied 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206, rehearing denied 399 U.S. 917, 90 S.Ct. 2187, 26 L.Ed.2d 576. In pointing this out, however, we are in no way intimating what the defendant or the trial court should do in the event defendant seeks such relief.

Affirmed.