791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ERIC STONER, Petitioner-Appellant,
v.
JOHN D. REES, WARDEN, KENTUCKY STATE REFORMATORY, Respondent-Appellee.
 85-6105
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 
 AFFIRMED
 W.D.Ky.
 ORDER
 BEFORE: KRUPANSKY, GUY and BOGGS, Circuit Judges.
 
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court judgment which dismissed his petition for a writ of habeas corpus (28 U.S.C. Sec. 2254). The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is currently incarcerated at the Kentucky State Reformatory serving a 50 year sentence imposed pursuant to convictions of third degree burglary, theft by unlawful taking, second degree burglary and persistent felony offender. After exhausting his state court remedies, appellant filed his petition for a writ of habeas corpus on April 5, 1985, alleging 2 grounds for relief: (1) the trial court denied him due process of law when it consolidated several charges against petitioner for trial and (2) he was denied due process of law when he stood trial in identifiable prison clothing. The district court determined that appellant failed to establish cause and prejudice for failure to object to the consolidation of the charges and denied habeas relief on the first ground. As to the issue of wearing prison clothing, the district court determined that habeas relief was inappropriate.
 
 
 3
 The charges for which appellant was tried arose from 2 separate indictments. The first indictment, 83-CR-0812, returned by the Jefferson County Grand Jury on June 6, 1983, charged appellant with 2 counts of third degree burglary, one count of theft by unlawful taking, one count of second degree burglary and one count of first degree persistent felony offender. The counts charged in indictment 83-CR-0812 represent 2 different series of crimes committed on April 1, 1983, and May 13, 1983. The second indictment, 83-CR-1018, returned by the Grand Jury on July 20, 1983, charged appellant with one count of second degree burglary. This count represents a crime committed on June 28, 1983. The indictments were consolidated for trial with no objection by appellant's trial counsel. Appellant now asserts that consolidating the second indictment with the first denied him due process because the charges were so disparate as to be inappropriate for consolidation pursuant to Rule 6.18, Kentucky Rules of Criminal Procedure.
 
 
 4
 According to Kentucky law, appellant's failure to object to consolidation at trial barred his right to raise them on appeal. See Rule 9.22, Kentucky Rules of Criminal Procedure. The district court determined that absent a showing of cause and prejudice, as required by Wainwright v. Sykes, 433 U.S. 72 (1972) and Leroy v. Marshall, 757 F.2d 94 (6th Cir. 1985), appellant's claim of improper consolidation of indictments is barred in a federal habeas corpus action.
 
 
 5
 The only indication in the petition that appellant is offering a showing of 'cause' for failure to object to the consolidation of the indictments is a reference to ineffective asistance of counsel. Assuming that appellant is offering the claim of ineffective assistance of counsel as a reason for failing to object to consolidation, the appellant simply offers no showing that his trial attorney rendered ineffective assistance of counsel within the meaning of Beasley v. United States, 491 F.2d 687 (6th Cir. 1974). See also Strickland v. Washington, ---- U.S. ----, 105 S.Ct. 2052, 80 L.Ed.2d 675 (1984). Unlike the situation in Alcorn v. Kentucky State Reformatory, No. 82-5623 (6th Cir. January 9, 1986), it is doubtful that appellant could establish that his trial attorney's failure to object to the consolidation rendered the attorney's assistance ineffective because the Kentucky Rules of Criminal Procedure (Rules 6.18, 9.12, 9.16), provide that offenses that are of a similar character may be joined together. Clearly, the charges in the indictments are not only similar in nature, but are identical--burglary. Therefore, it is concluded that the consolidation of the indictments did not deprive appellant of due process, Corbett v. BordenKircher, 615 F.2d 722 (6th Cir.), cert. denied, 449 U.S. 853 (1980), nor did the trial attorney's failure to object thereto render his assistance ineffective so as to establish 'cause' for failure to present the issue to the state courts.
 
 
 6
 The second issue presented by appellant is that he stood trial in identifiable prison clothing. Appellant wore khaki pants and an olive green military shirt with five numbers on the left breast pocket. He was so attired on the second day of trial and he made no objection to wearing the shirt until the defense called its first witness, at which time defense counsel moved for a mistrial. Apparently neither the trial judge nor appellant's attorney noticed that the shirt was a prison shirt until appellant mentioned it. The record is void of any evidence that appellant was compelled to wear the shirt or that he was denied request for a different shirt prior to trial. It is concluded that the appellant's claim regarding the prison shirt does not require a reversal. Estelle v. Williams, 425 U.S. 501 (1976).
 
 
 7
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that appellant's motion for appointment of counsel be denied and the judgment of the district court be affirmed.