894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sheridan NESBITT, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 Nos. 89-3328, 89-3330.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio prisoner appeals the district court's judgments dismissing his petitions for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Following jury trials in 1969 and 1970, Sheridan Nesbitt was found guilty on three charges of armed robbery (No. 89-3330) and one charge of bank robbery (No. 89-3328). He received indeterminate sentences of twenty to fifty years imprisonment.
 
 
 3
 In the petition challenging the bank robbery conviction, Nesbitt asserted various grounds for federal habeas relief, including a claim that the prosecution concealed exculpatory evidence. In the petition challenging the armed robbery convictions, grounds for relief included ineffective assistance of counsel based on a failure to prepare for trial and the failure of the trial court to conduct separate trials on each armed robbery charge.
 
 
 4
 The petitions were referred to the magistrate who addressed all claims in a single report and recommendation. The magistrate determined that each claim lacked merit and recommended that the petitions should be dismissed. Nesbitt filed motions opposing the report and recommendation and requested appointment of counsel and an evidentiary hearing. He complained that he was unable to "properly respond to the Magistrate's Report because he [had] no access to a legal clinic or library...."
 
 
 5
 Upon review of the records, the district court denied the motions for appointment of counsel, and, specifically noting that Nesbitt failed to file objections, adopted the magistrate's recommendations and dismissed the petitions.
 
 
 6
 As a preliminary matter we note that Nesbitt arguably waived the right to appeal because he failed to file specific objections to the magistrate's recommendation which was adopted by the district court. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). However, the Walters rule is not jurisdictional. Patterson v. Mintzes, 717 F.2d 284, 286-88 (6th Cir.1983). When exceptional circumstances are shown, the court may address the merits of the appeal. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). Because Nesbitt advised the district court of exceptional circumstances, the court will exercise its jurisdiction and review issues presented on appeal. Reviewable issues are limited to those presented in Nesbitt's brief; the remaining issues are deemed abandoned. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Upon review we conclude that Nesbitt did not show constitutional error resulting in denial of fundamentally fair trials and was properly denied federal habeas relief. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 7
 Nesbitt's first issue concerns the prosecution's alleged failure to disclose exculpatory evidence prior to the bank robbery trial. Nesbitt alleged that palm prints and fingerprints discovered at the bank were reviewed by the FBI which determined the prints were "not identical" with Nesbitt's. At a pretrial hearing on a request for exculpatory evidence, the investigator stated that the latent prints were "indiscernible" and that no comparisons could be made. Nesbitt is not entitled to relief because he did not demonstrate a "reasonable probability that the result would have been different," but for the failure to disclose the evidence. See United States v. Agurs, 427 U.S. 97, 104 (1976) (suppressed evidence); see also United States v. Bagley, 473 U.S. 667 (1985) (perjured testimony).
 
 
 8
 In the petition for relief from the armed robbery convictions, Nesbitt claimed ineffective assistance of counsel. He alleged that his attorney, appointed twenty days before trial, had insufficient time to prepare a defense, specifically to contact alibi witnesses and to review the telephone company records that would support the alibi. Nesbitt's claim fails because he did not show a deficiency in counsel's performance and a reasonable probability that but for the deficiency the outcome would have been different. See Strickland v. Washington, 466 U.S. 668 (1984); Lockett v. Arn, 740 F.2d 407 (6th Cir.1984).
 
 
 9
 Nesbitt's claim that he was improperly denied separate trials on each of the five armed robbery charges also lacks merit. Denial of a motion for severance is a matter of state law and does not serve as grounds for federal relief unless the joinder was so prejudicial that the trial was rendered fundamentally unfair. See Corbett v. Bordenkircher, 615 F.2d 722, 724-26 (6th Cir.1980). The record does not support Nesbitt's claim of prejudice.
 
 
 10
 Finally, the district court did not abuse its discretion by denying Nesbitt's motion for appointed counsel presented in his response to the magistrate's recommendation.
 
 
 11
 Accordingly, the district court's judgments are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.