◼    In the Matter of RICHARD E. R., an Alleged Mentally Ill Patient.— In a proceeding pursuant to CPL 330.20 (subd 5) by a committed person for discharge or release from the custody of the Commissioner of Mental Hygiene, petitioner appeals from an order of the Supreme Court, Queens County, dated April 21, 1975, which, after a hearing, denied the application. Order affirmed, without costs or disbursements. In our opinion petitioner failed to sustain his burden of proving, by a preponderance of the credible evidence, that, at the time of the hearing, he was capable of being released without presenting a danger to himself or to others (CPL 330.20). CPL 330.20 is not violative of petitioner's constitutional rights to due process and equal protection of the laws (see *People v Lally,* 19 NY2d 27). Petitioner claims that his continued commitment constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution in that, since he is no longer ill and requires no treatment, the hospital in which he is confined is transformed into a prison where he could be held indefinitely for no convicted offense (see *Rouse v Cameron,* 373 F2d 451, 453). In this claim, petitioner labors under the delusion that he was well at the time of trial. To the contrary, it was the testimony of the three

psychiatrists who testified at trial that petitioner was ill, that his condition was, at that time, in a state of remission and that he would require continued psychotherapy and medication to prevent further episodes of his illness and possible violent acts. Though they agreed that further hospitalization would not necessarily aid him or better his condition, they were of the opinion that continued treatment was necessary. Thus, the case differs from *Rouse (supra)* and it is clear that petitioner's continued confinement in the hospital is therapeutic as well as protective. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.