OPINION OF THE COURT
Oscar Murov, J.
The patient herein was admitted to Kings Park Psychiatric Center on April 22, 1980 pursuant to section 9.37 of the *583 Mental Hygiene Law. On April 24, 1980, he was converted to the status of one involuntarily detained pursuant to section 9.27 of the Mental Hygiene Law (two physicians’ certificate). On May 14, 1980, patient requested a court hearing pursuant to subdivision (a) of section 9.31 of the Mental Hygiene Law to determine the need for involuntary care and treatment. Said section provides, in pertinent part, as follows: "If, at any time prior to the expiration of sixty days from the date of involuntary admission of a patient on an application supported by medical certification, he * * * gives notice in writing to the director of request for hearing on the question of need for involuntary care and treatment, a hearing shall be held as herein provided.”
Mental Health Information Service submitted, as it usually does in hearings of this type, a four-page memorandum which contains the following recital: "The Court’s attention is respectfully called to Addington v. Texas — U. S. — 47 LW 4473 (April 30, 1979), which held that 'a clear and convincing standard of proof is required by the Fourteenth Amendment in a civil proceeding brought under State Law to commit an individual involuntarily for an indefinite period to a State mental hospital’ and further that, 'due process requires the State to justify confinement by proof more substantial than a mere preponderance of the evidence.’ ” (See Addington v Texas; 441 US 418.)
While mindful of the legal rights of those alleged to be mentally afflicted, I distinguish this case from Addington v Texas (supra) because, here, patient has been confined for a period of time, and is the petitioner in this proceeding. He thereby has the burden of proving by a fair preponderance of the evidence that he may safely be released (Matter of Lublin v Central Islip Psychiatric Center, 43 NY2d 341). Mental Health Information Service’s reliance on Addington v Texas (supra), insofar as it seeks to place the burden of persuasion on the State, is erroneous, and their standard forms should be reviewed.
The court has examined the hospital record of this patient, and, in addition, has heard the testimony of medical experts who recommend that patient be retained until the expiration of his "two P. C. status” (Mental Hygiene Law, § 9.27), which will occur on June 21, 1980. The court has also had the opportunity to examine the patient. Based upon the record before me and having in mind the patient’s well-being, as well *584 as the interests of others and the community in general, I hold that patient has not satisfied his burden of establishing by a fair preponderance of the evidence that he is no longer in need of involuntary care and treatment in a State mental hospital (Mental Hygiene Law, § 9.31, subd [a]).