OPINION OF THE COURT
Oscar Murov, J.
The patient herein was admitted to Kings Park Psychiatric Center on June 5, 1979 on a voluntary admission pursuant to section 9.13 of the Mental Hygiene Law. Subsequently, the director of said facility applied to this court pursuant to section 9.33 of the Mental Hygiene Law for an order authorizing the continued retention of said patient. Thereupon Mental Health Information Service advised patient of his legal rights, including his right to a hearing, which patient, after being so advised, did not request. Accordingly, no hearing was held on said application and my learned colleague, Justice William L. Underwood, signed an order authorizing the continued retention of patient in said mental facility for a period to and no later than February 7, 1981. Patient now makes application for rehearing and review of said order pursuant to section 9.35 of the Mental Hygiene Law, which provides in pertinent part as follows: “If a person who has been denied release or whose retention, continued retention, or transfer and continued retention has been authorized pursuant to this article, or any relative or friend in his behalf, be dissatisfied *894 with any such order he may, within thirty days after the making of any such order, obtain a rehearing and a review of the proceedings already had and of such order upon a petition to a justice of the supreme court other than the judge or justice presiding over the court making such order.”
Mental Health Information Service submitted, as it usually does in hearings of this type, a four-page memorandum which contains the following recital: “The Court’s attention is respectfully called to Addington v Texas, 441 U.S. 418 47 LW 4473 (April 30, 1979), which held that ‘a clear and convincing standard of proof is required by the Fourteenth Amendment in a civil proceeding brought under State Law to commit an individual involuntarily for an indefinite period to a State mental hospital’ and further, that, ‘due process requires the State to justify confinement by proof more substantial than a mere preponderance of the evidence’.” (See Addington v Texas, 441 US 418.)
While mindful of the legal rights of those alleged to be mentally afflicted, I distinguish this case from Addington v Texas (supra) because, here, patient has been confined for a period of time, and is the petitioner in this proceeding. He thereby has the burden of proving by a fair preponderance of the evidence that he may safely be released (Matter of Lublin v Central Islip Psychiatric Center, 43 NY2d 341; see, also, Matter of Hurley, 104 Misc 2d 582). Mental Health Information Service’s reliance on Addington v Texas (supra) insofar as it seeks to place the burden of persuasion on the State, is erroneous, and their standard forms should be reviewed.
The court has examined the hospital record of this patient and, in addition, has heard the testimony of mental experts who recommend that notwithstanding patient’s improved condition he be retained until the expiration of the ordered period of retention. The court has also had the opportunity to examine patient. Based upon the record before me and having in mind patient’s well-being and his improved condition as well as the interests of others and the community in general, I hold that patient has satisfied his burden of establishing by a fair preponderance of the evidence that *895 he is only in need of continued care and treatment in a State mental hospital until November 15,1980 and not February 7, 1981.