OPINION OF THE COURT
Martin B. Stecher, J.
Mr. Behr is accused of attempted murder, assault in the first degree, attempted grand larceny in the first degree and related crimes arising out of what his attorney and the District Attorney refer to as a “psychotic episode” which overtook the young man on February 3, 1982. In accordance with the recently enacted revision to the Criminal Procedure Law (L 1980, ch 548, § 4; CPL 220.15) the defendant with “the consent of the people” (CPL 220.15, subd 1) seeks to enter a plea of “not responsible by reason of mental disease or defect”. Subdivision 4 of that statute provides that “the court shall not accept a plea of not responsible by reason of mental disease or defect without first determining that there is a factual basis for such plea.” The factual bases offered are the allegedly bizarre manner in which this 26-year-old accountant, who had no previous criminal involvement, perpetrated the crimes for which he is charged and a written medical report.
The only relevant medical opinion offered is the report of Dr. Daniel W. Schwartz* of Cedarhurst, New York, dated *577 June 6, 1982. Dr. Schwartz, who apparently was retained by the defendant or the defendant’s family, saw the defendant twice, once on February 26, 1982, some three weeks after the incident, and once on March 19,1982, 2V2 months after the incident. Dr. Schwartz says, “the patient has been obviously mentally ill on both examinations, more so on the first. Alert and well oriented with no evidence of organic mental disorder, his symptoms have been those usually associated with schizophrenia.” The doctor goes on to describe some of those symptoms which exhibited themselves during the course of the interviews. He concludes “it is my professional opinion that at the time of the present offense, the defendant, as a result of mental disease, lacked substantial capacity to appreciate the wrongfulness of his conduct.”
The District Attorney offers no psychiatric evidence referrable to the date of the alleged crime. However, on February 18 and 22, 1982, during the period intervening between Dr. Schwartz’ two examinations, Dr. Luz Palomares and Dr. A. I. Grantz, respectively, examined the defendant on behalf of the court to determine whether or not he was fit to stand trial (CPL art 730). Neither physician was asked to express an opinion as to mental disease or defect or its consequences as of the date of the alleged crime. Each only offered the opinion that the defendant was fit to proceed.
A prepleading investigation made by the New York City Department of Probation has annexed to it the report of Stuart Rauch, M.D., which followed an interview with the defendant on August 19, 1982. Dr. Rauch expressed the opinion that on the examination date the defendant was not suffering from an organic brain defect, that his estimated intelligence was above normal, that “his judgment (was) excellent, and he (had) insight into the relation between the alleged offense and the distorted sense of reality he was subject to at that time.” The doctor found that the defendant had “no diagnosable disorder at this time” and recommended psychotherapy. No opinion was offered concerning responsibility for the alleged crime.
The final medical document offered is a copy of the entries made in defendant’s chart at Prison Health Ser *578 vices at the House of Detention for Men, Rikers Island. The record is in the form usual to hospital records, giving physician’s observations, medication, x-ray reports and the like. Certainly, it demonstrates a period of mental disorder but nowhere does it contain an opinion relevant to the issues before the court.
The District Attorney has expressed the opinion that “the people are satisfied that the defense of lack of criminal responsibility by reason of mental disease or defect would not be disproven by the people at a trial beyond a reasonable doubt” (CPL 220.15, subd 1). I have no doubt of the good faith of the District Attorney. The question is: What is the court’s obligation?
The principal thrust of the new statute (L 1980, ch 548) was reform of postadjudication procedures; that is, what is to be done with a defendant after a verdict of acquittal (or nonresponsibility) on the grounds of “mental disease or defect” (Penal Law, § 30.05). New York’s prior statutes (Code Crim Pro, § 454, CPL 330.20), amended from time to time, never really came to grips with the constitutional rights of defendants so acquitted (see Mental Illness, Due Process and the Acquitted Defendant, Association of Bar of City of N. Y., Report & Recommendations by Special Committee to Study Commitment Procedures & Law Relating to Incompetents, April, 1979; Baxstrom v Herold, 383 US 107; Lee v Kolb, 449 F Supp 1368, 1374; Matter of Torsney v State Comr. of Mental Hygiene, 47 NY2d 667; People ex rel. Henig v Commissioner of Mental Hygiene, 43 NY2d 334; Matter of Lublin v Central Islip Psychiatric Center, 43 NY2d 341; Matter of Kesselbrenner v Anonymous, 33 NY2d 161; People v Lally, 19 NY2d 27; People v McNelly, 83 Misc 2d 262).
Governor Carey, who submitted the problem to the Law Revision Commission and the commission itself, were of the view that the defense should be “retained in its present form” (NY Legis Ann, 1980, p 219; Law Revision Commission report on defense of insanity in NY State, McKinney’s Session Laws of NY, 1981, p 2251, NY Legis Doc, 1981, No. 65, p 47). With one exception, the substantial changes made dealt with treatment of the offender after acquittal. The exception is the statute with which we are confronted, *579 CPL 220.15, which represents a new concept in this State — entry of a plea (and finding) of “not responsible by reason of mental disease or defect” without a trial of the issue.
In proposing the adoption of CPL 220.15 the Law Revision Commission, in order “[t]o reduce the undue burden on overtaxed courts,” recommended that “[t]he court may accept the plea only after following specified procedures to ensure the defendant’s competency to enter the plea and after finding that the plea is consistent with the public interest” (Law Revision Commission report on defense of insanity in NY State, McKinney’s Session Laws of NY, 1981, p 2273, NY Legis Doc, 1981, No. 65, p 106; emphasis supplied).
The “public interest” concern is embodied in CPL 220.15 (subd 4) which obligates the court prior to accepting a “not responsible” plea, to determine “that there is a factual basis for such plea.” It imposes on the court, an obligation beyond merely finding that the District Attorney would not, for whatever reason, be unable to disprove insanity beyond a reasonable doubt (CPL 220.15, subd 5, par [b]).
In short, the court’s role is, on the one hand, to dispense with a trial and enter an order tantamount to a verdict of “not responsible” where a trial will serve no useful purpose; but on the other, to assure itself, and thereby the public, that the statute is properly applied, that there is adequate evidence to support such a finding and that criminal conduct does not escape punishment by abuse of this statute.
I am asked to draw this inference concerning a calm, rational, intelligent defendant based on the written opinion of a single physician retained by a defendant’s family. As every Trial Judge knows, the potential for disagreement among psychiatrists on an issue of “insanity” is notorious. If medicine, as physicians repeatedly assure me, is not a science but an art, how much more so this must be in its psychiatric specialty. And when there is available the testimony of two prison psychiatrists and two court-appointed psychiatrists (CPL 730.30) all of whom observed the defendant during the period of Dr. Schwartz’ examina *580 tions, the absence of their testimony leads me to conclude that I cannot, in good conscience, accept this plea and discharge my responsibilities.
An evidentiary hearing is ordered (CPL 220.15, subd 1).

 Dr. Schwartz was a consultant to the Law Revision Commission whose report is hereafter referred to.