Janice Marie ESCOBEDO, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

Victor Lee ESCOBEDO, Jr., Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

Nos. 4887, 4888.

Supreme Court of Wyoming.

July 7, 1978.

Charles R. Spratt, Buffalo, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Asst. Atty. Gen., Laurie Mansfield, Legal Intern, Cheyenne; and Willis C. Geer, Campbell County Atty., Gillette, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Appellants, Victor Lee and Janice Marie Escobedo, were tried jointly and convicted of the delivery of amphetamines in violation of § 35 ·347.31(a)(i), W.S.1957, 1975 Cum.Supp., and appeal from the judgment and sentence is pursued. The sole question raised by appellants is set out in their brief as follows:

> "PREJUDICIAL ERROR OCCURRED WHEN THE TRIAL COURT RECEIVED INTO EVIDENCE STATE'S EXHIBIT NO. 1 OVER THE OBJECTION THAT A CHAIN OF CUSTODY HAD NOT BEEN ESTABLISHED."

The exhibit to which this complaint is directed is a small packet containing a substance identified as amphetamines, which was delivered to Officer Rosa, an undercover agent, at the home of defendants.

After the purchase, he put the packet in his pocket. Sometime later, when he returned to his home, he opened the packet and rewrapped it. He then placed it in a dresser drawer. The next day he delivered the packet to Detective Lewis, who took it

to headquarters for a test. Officer Rosa testified as to the identity of this packet. There is no evidence of tampering or alteration of this sample—only appellants' speculation and conjecture that this could or might have happened.

Under the factual situation framed by this appeal, we find that all issues and contentions raised have been decided by this court in *DeLuna v. State*, Wyo., 501 P.2d 1021, and we must therefore affirm.

Affirmed.