**Bennie E. LeBEAU, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4965.**

Supreme Court of Wyoming.

Jan. 31, 1979.

Gerald M. Gallivan, Director (argued), Wyoming Defender Aid Program, Laramie and Kenneth M. Koski, Senior Law Student, Student Intern, Wyoming Defender Aid Program, University of Wyoming, for appellant.

John J. Rooney, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen. and Sandra K. Dunn, Legal Intern (argued), for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired *.

RAPER, Chief Justice.

Appellant-defendant was tried and convicted of two counts of delivery of a controlled substance in violation of § 35–7–1031, W.S.1977. He appeals from the judgment and sentence of the district court on two grounds:

I. The trial court committed reversible error in refusing the cautionary instruction offered by defendant concerning testimony given by the undercover agent.

II. There was a break in the chain of custody concerning the green plant material; the admission of this evidence was prejudicial to defendant.

The nature of the issues requires only the most superficial discussion of the facts. Suffice it to say that defendant was convicted on the strength of testimony of an undercover police officer who was hired for the specific purpose of uncovering drug trafficking in Lander, Wyoming. The undercover officer purchased green plant material from defendant which was tested at the Riverton Family Practice Center for positive identification. While the individual who tested the samples testified that he did not have the marijuana samples within his eyesight and in his immediate possession at all times, they were kept in the laboratory all the time. None of the testimony brought to light any circumstance or occurrence which suggested tampering or any other irregularity with regard to the marijuana samples.

The offered instruction was:

"Great care should be exercised in weighing the testimony of a witness who was specially employed to procure evidence against a defendant; more care than in the case of a witness who is a regular police officer or who is wholly disinterested."

The evidence is that the police officer working undercover was a regular member of the Lander police department, though his assignment was undercover work. Prior to being employed by the Lander department he had been a police officer of the Dubois police department. His background included police experience as a member of the police departments of Eveleth, Minnesota,

---

* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

and Kinney, Minnesota. He had been specially trained in the identification of controlled substances and drugs at the University of Minnesota in Duluth, Minnesota, under the sponsorship of the Federal Drug Enforcement Administration.

In *Jenkins v. State,* 1913, 22 Wyo. 34, 134 P. 260, reh. den. 135 P. 749, this court stated the rule to be that a cautionary instruction is "sometimes" given when "informers, detectives or other persons especially employed to hunt up evidence testified in the case." In that opinion, the court said that since no such individual had testified at the trial, the district judge was justified in not giving such an instruction. The general rule is that:

"The testimony of an informer who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been affected by interest, or by prejudice against defendant."

1 Devitt and Blackmar Federal Jury Practice and Instructions, 3rd Ed. (1977), § 17.02 and cases there cited. For an excellent history of the rule, comparatively new, see *Fresneda v. State,* Alas.1971, 483 P.2d 1011. That court wisely cautions that every person coming forward to aid in the apprehension of criminals should not be singled out for use of the instruction:

"It would be a sad commentary on our society to say that when police officers and public-spirited citizens are called to testify in court under oath in criminal cases, their testimony must be viewed with suspicion. This would be tantamount to saying all such witnesses are inherently untrustworthy. At a time when the fullest participation by all segments of society is necessary for the survival of our system of government, we would be paradoxically condemning such participation. This we decline to do." (Footnotes omitted.)

See also, *Roquemore v. State,* Okla.Crim. App.1973, 513 P.2d 1318; *Champion v. State,* 1971, 87 Nev. 542, 490 P.2d 1056; and *Todd v. United States,* 10th Cir. 1965, 345 F.2d 299. The instruction should be reserved for those who fall within its terms. It need not be given in the case of a regular police officer testifying.

The trial court gave an instruction on the credibility of witnesses:

"In determining the credibility of witnesses and of the weight to be given their testimony, you should take into consideration their conduct upon the witness stand; their apparent intelligence, the means of knowledge of the facts testified to, and the interest, prejudice, motives, or feelings of revenge which they may have, if any has been shown by the evidence.
\* \* \* "

That instruction covered the defendant's theory that the officer's testimony could not be trusted and the defendant was accorded a full opportunity to pursue the matter in cross-examination and oral argument to the jury. Under the circumstances of this case, the general instruction given by the court was adequate and the trial judge properly rejected the offered instruction.

There is no evidence of any tampering, alteration, or other irregularity with regard to the marijuana. There is only conjecture and speculation in this regard. The chain of custody was adequately established. Under the factual situation framed by this appeal, the matter is one clearly decided by this court. *Escobedo v. State,* Wyo.1978, 580 P.2d 655; *DeLuna v. State,* Wyo.1972, 501 P.2d 1021. A possibility or speculation that the evidence could have been tampered with is insufficient ground for exclusion. The district court appropriately allowed the evidence to be admitted.

Affirmed.