# In the Matter of PATRICIA ESTES, Appellant.

Fourth Department, July 10, 1980

452

APPEARANCES OF COUNSEL

*James P. Harrington* for appellant.

*Edward C. Cosgrove, District Attorney (John De Franks* of counsel), for People.

## OPINION OF THE COURT

Simons, J. P.

Petitioner brings this proceeding pursuant to CPL 330.20 (subd 3) seeking her release from Buffalo Psychiatric Center. She has been confined in that institution since March 15, 1974 following her acquittal of criminal charges arising from the death of her husband by reason of her insanity. County Court denied her application and dismissed the petition. Although the court did not state the procedural standards it followed in deciding the case, we may reasonably assume that in accordance with the established law at the time it placed the burden of proof upon petitioner to prove by a fair preponderance of the evidence that she was no longer a danger to herself or others by reason of mental illness or defect (CPL 330.20, subd 3; *Matter of Lublin v Central Islip Psychiatric Center,* 43 NY2d 341, 344). Petitioner correctly contends that subsequent appellate decisions have modified this rule. Specifically, she notes that recently the Court of Appeals, when considering a similar application, stated: "equal protection mandates that [one acquitted by reason of mental disease] be afforded the same procedural rights governing [her] release from custody as any other involuntarily committed person" and further, that "in our view, appellants' *[sic]* petition for release must be measured by the same substantive standards governing involuntary civil commitment of any other individual" *(Matter of Torsney,* 47 NY2d 667, 676). The procedural

rights to be accorded a patient involuntarily committed have now been fixed by the United States Supreme Court. Due process requires that such patients not be involuntarily confined unless those seeking to do so establish the need for confinement by clear and convincing evidence (*Addington v Texas,* 441 US 418; cf. *Matter of Torsney, supra,* p 682; for a discussion on clear and convincing evidence see, generally, PJI 1:64, August, 1980 Supp). The applicable New York substantive rule provides that the confinement of one such as petitioner may not be continued unless she is a danger to herself or others by reason of mental disease or defect (CPL 330.20; *Matter of Torsney, supra,* p 676).

■ Thus, the People had the burden of establishing that there was a high probability that petitioner suffered from mental illness and that by reason thereof she was a danger to herself or others. The experts who testified were unanimous in their opinion that petitioner suffered from mental illness, but they disagreed on the question whether she was dangerous. The finding that petitioner represented a danger was a legal determination, not a medical one, and it was appropriately made by the court after considering all the evidence; not only the testimony of the witnesses, but also documentary evidence properly before it in deciding whether continued confinement was necessary to prevent petitioner from harming herself or others. The court's decision was made under prior law, however, and we therefore remit the matter to it for reconsideration after applying the law as it now exists.

Petitioner's second point on appeal concerns part of the evidence considered by the court in making its determination of dangerousness. Preliminary to the proceedings, and pursuant to applicable statute and rules (Mental Hygiene Law, § 29.09, subd [b], par 3; 22 NYCRR 1023.2 [a] [3], [a] [5] [ii]), the Mental Health Information Service (MHIS) supplied a report to the court concerning petitioner's application. That report was not made a part of the record (although it is published in full in petitioner's appendix on appeal) and apparently its contents were not disclosed to petitioner's attorney until after he received a copy of the court's decision. Nevertheless, in its decision the court noted the information contained in the report that a panel appointed by the Commissioner of Mental Hygiene to review petitioner's application had recommended against her release, except upon specified conditions. Although the fact of the panel's recommendation is not disputed, pe-

titioner contends it was error for the court to consider the report.

■ While technically hearsay, MHIS reports are authorized by statute and rule to assist the court by reviewing and summarizing "the patient's case, his hospitalization" and "his right to discharge" (Mental Hygiene Law, § 29.09, subd [b], par 3; 22 NYCRR 1023.2 [a] [3], [5] [ii]) and they are properly considered by the court in release hearings. There may be situations in which the material contained in such reports will have an adverse effect on the continued treatment of the patient and the doctor-patient relationship and for that reason it is not necessary that the report be made a part of the record or exhibited to the patient or her attorney in all instances. But if the court in deciding the application intends to rely upon information contained in the report, fairness requires that such matter be revealed to counsel so that there may be an opportunity to rebut or reply to it. We note in passing that the conditions which the panel attached to petitioner's release in this case were discussed thoroughly during the examination of the various witnesses and that the prejudice to her would appear to have been relatively minor. Nevertheless, since the matter must be remitted to County Court to be decided in accordance with the revised procedural standards, we should direct that before deciding the case the court offer petitioner's counsel an opportunity to call the Assistant Commissioner of Mental Hygiene (who overruled the panel), if so advised, to examine him concerning the panel's recommendation and his reasons for overruling it.

The order should be reversed and the matter remitted to County Court for further proceedings.

HANCOCK, JR., SCHNEPP, CALLAHAN and MOULE, JJ., concur.

Order unanimously reversed and matter remitted to Erie County Court for further proceedings, in accordance with opinion by SIMONS, J. P.