**Terry TABOR, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5262.**

Supreme Court of Wyoming.

Sept. 24, 1980.

Bert T. Ahlstrom, Jr. and Donald J. Sullivan of Sullivan, Van Court & Ahlstrom, P. C., Cheyenne, signed the brief, and Ahlstrom, Cheyenne, appeared in oral argument on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and Philip Nicholas, Asst. Atty. Gen., signed the brief, and Nicholas, Asst. Atty. Gen., appeared in oral argument on behalf of appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant–defendant appeals from judgments and sentences imposed after he was found guilty by a jury of three sexual assaults in the first degree. A single trial was had on two informations. One information charged an assault to have been committed on February 20, 1979 on one woman. The second information was in two counts, one charging an assault on July 22, 1979 on a second woman and the other count charging an assault on August 5, 1979 on yet a third woman. The appellant was sentenced to not less than ten years nor more than twenty years on conviction of the charge in the first information; not less than fifteen years nor more than twenty–five years on conviction of the charge in count one, and not less than twenty years nor more than thirty years on conviction of the charge in count two of the second information. All sentences were to run concurrently and, also, to run concurrently with sentences of two to five years and six to eleven years on two counts of burglary to which the appellant had pleaded guilty.

We affirm.

The appellant frames the issues in this case as follows:

"I. Whether the Trial Court erred in refusing to grant Defendant's request for separate trials as to each of the three separate charges, all of which occurred at separate times with separate victims.

"II. Whether there was sufficient evidence presented to the jury to support the finding of guilt as to all three cases:

"A. Generally; and

"B. As to identity; and,

"C. Beyond a reasonable doubt.

"III. Whether the Trial Court erred in receiving certain physical, scientific evidence when there was demonstrated to be a break in the chain of Custody.

"IV. Whether the conduct of the prosecuting attorney in resting at the conclusion of each separate case served to prejudice the rights of the defendant by confusing the jury, and otherwise."

SEPARATE TRIALS

The three victims of the sexual assault were all young women who were living alone; each woman was forced at gun point to submit to sexual intercourse. The assailant threatened to kill two of the victims if they did not submit. He helped each victim to undress. He gained access to the premises through windows and a sliding door. The attacks all occurred during early morning hours. Two of the victims awoke to find the assailant standing at the foot of the bed. He was in the house of the other victim when she returned to it. Similar foreplay was used on two of the victims. The general descriptions of the assailant given by all three victims were the same. Two of the victims identified the hat which was in appellant's possession at the time of arrest as the hat worn by the assailant. The other victim identified appellant as the assailant.[1]

During the course of the third assault, the assailant said he would return. Acting upon that information, the police installed an alarm device in the victim's apartment which would inform nearby patrol vehicles if an intruder was present. A dummy was set up on the bed in the apartment to give the appearance of someone sleeping there, and several days later, the appellant was caught after entering the apartment. Ex-

1. One victim testified that upon viewing the appellant through a one–way mirror she "was quite shaken" and "scared" when she saw him and that "he very much resembled the person" who had attacked her, but she could not make a positive identification.

amination of the apartment revealed that the dummy had been disturbed.[2]

Two rules have pertinency to this issue. Rule 11(a), W.R.Cr.P. provides:

"(a) *Joinder of offenses.*–Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of *the same or similar character or are based* on the same act or transaction, or *on two (2) or more acts or transactions connected together or constituting part of a common scheme or plan.*" (Emphasis supplied.)

And Rule 12, W.R.Cr.P. provides in pertinent part:

"The court may order two (2) or more indictments or informations or both to be tried together if the offenses * * * could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

These two rules are limited by the terms of Rule 403, W.R.E. and Rule 13, W.R.Cr.P., the first of which provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

And the second of which provides in pertinent part:

"If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information, or by such joinder for trial together, the court may order an election *or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. * * *"*

Since Rule 12, W.R.Cr.P. conditions the joinder of offenses charged in separate indictments or informations on the circumstances which permit joinder of counts within a single indictment or information, the law relative to the joinder of the offenses charged in the two informations against appellant is the same as that applicable to the joinder of the two offenses charged in one of the informations against him.

 In *Dobbins v. State,* Wyo., 483 P.2d 255, 258–259 (1971), we said:

"In passing upon this question we recognize, as other courts have recognized, as a general proposition that there is always a possibility of prejudice resulting from a joinder of similar offenses and care must be taken at the initial stage of the proceedings to guard against such a possibility. *In doing so one of the prime considerations is whether or not evidence relating to the similar offenses charged would be admissible in the separate trial of each offense.* [Citation.] Undoubtedly, the trial court had this in mind at the time of his ruling and on the basis of what was said in *State v. Lindsay,* 77 Wyo. 410, 317 P.2d 506, 510, concerning the admissibility of evidence relating to other crimes when such evidence 'tends to show a plan, scheme, system, or course of conduct,' the trial court was warranted in concluding that prejudice would not result." (Emphasis supplied.)

An examination of the evidence presented in this case reflects that all of it could have been presented at the separate trials if separate trials were had on each offense. Much of such evidence would have been admissible under Rule 404(b), W.R.E., which provides:

"(b) *Other crimes, wrongs, or acts.*–Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. *It may, however,*

---

**2.** The appellant based his defense partly upon the contention that he was only a burglar and was in the third victim's apartment to steal a television set. Evidence of the disturbance of the dummy and evidence that the dust upon the television was not disturbed was presented to discount this contention.

be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Emphasis supplied.)

In this respect, we said in *Elliott v. State*, Wyo., 600 P.2d 1044, 1047 (1979):

"Our analysis of cases from other jurisdictions leads to the conclusion that in recent years a preponderance of the courts have sustained the admissibility of the testimony of third persons as to prior or subsequent similar crimes, wrongs or acts in cases involving sexual offenses. Among the grounds relied upon for the admissibility of such evidence is that it is admissible to show motive or to show plan, with various phrases being used by the courts to describe those concepts. [Citing 23 cases from 17 jurisdictions]."

See 2 Louisell & Mueller, Federal Evidence, § 140; McCormick on Evidence (2d ed.) § 190 (1972); 22 Wright and Graham, Federal Practice & Procedure: Evidence § 5239 (1978); Annotation, Admissibility, in prosecution for sexual offense, of evidence of other similar offenses, 77 A.L.R.2d 841 (1961). And we have said Rule 404(b), W.R.E., to be "in substance a statement of long standing Wyoming case law." *Stambaugh v. State*, Wyo., 613 P.2d 1237, 1239 (1980); *Sanville v. State*, Wyo., 593 P.2d 1340 (1979).

The factor of prejudice (see Rule 403, W.R.E. and Rule 13 W.R.Cr.P., supra) was considered by this court in *Dobbins v. State*, supra, 483 P.2d at 259:

"Our next concern is whether or not the defendant, as asserted, was prejudiced as a result of the joint trial. As a general proposition it is well established that the grant or denial of severance is a matter of discretion with the trial court and will not be reversed except for clear abuse of such discretion. *Gornick v. United States*, 10 Cir., 320 F.2d 325, 326; *Walton v. United States*, 10 Cir., 334 F.2d 343, 347, certiorari denied *Comley v. United States*, 379 U.S. 991, 85 S.Ct. 706, 13 L.Ed.2d 612, and *Chow v. United States*, 379 U.S. 991, 85 S.Ct. 707, 13 L.Ed.2d 612;

*Sullins v. United States*, 10 Cir., 389 F.2d 985, 989. The same rule has been applied where separate indictments or informations have been consolidated for trial. *United States v. Rivera*, supra [2nd Cir., 348 F.2d 148 (1965)]. It is also the rule that on a motion for severance the burden is on the movant to present facts demonstrating that prejudice will result from a joint trial, which in effect would be a denial of a fair trial. *United States v. Wolfson*, S.D.N.Y., 289 F.Supp. 903, 908; *United States v. Steel*, S.D.N.Y., 38 F.R.D. 421, 423. * * *" (Bracketed material supplied.)

The fact that the evidence presented at this trial could be separately introduced at trials for the separate offenses established the lack of prejudice. See Annotation, Consolidated trial upon several indictments or informations against same accused, over his objection, 59 A.L.R.2d 841 (1958).

Additionally, the trial court instructed the jury:

"In this case three separate alleged crimes have been charged, and have been tried at the same time. It is your duty to determine the innocence or guilt of the accused as to each charge separately. You may not consider the fact that other charges have been brought in considering any of the three separate charges. You shall find the accused either not guilty or guilty as to each separate crime, and in making the determination you shall consider the evidence presented relating to that charge."

As said in *Dobbins v. State*, supra, 483 P.2d at 259:

" * * * Such testimony was clear and explicit as to each offense and the trial court very carefully instructed the jury that it should deliberate upon and decide each of the State's charges separately and independently from the other and under no circumstances was it to consider the facts and evidence relating to one of the charges in determining the guilt or innocence of the defendant on the other. It is presumed, of course, that the jury followed these instructions * * *."

We do not find error in refusing to grant separate trials on each of the three offenses.

## SUFFICIENCY OF EVIDENCE

■ Much of that said in the preceding section of this opinion evidences the sufficiency of the evidence to support the jury verdict of guilty as to all three offenses. An appeal of a jury verdict must surmount our tediously repeated admonition that:

" * * * [I]n passing upon the sufficiency of evidence to support a jury verdict of guilty we must review the evidence in a light most favorable to the State, together with the reasonable inferences that may be drawn from that evidence, whether direct or circumstantial, or both. *Blakely v. State*, Wyo., 542 P.2d 857 (1975). * * * " *Tucker v. State*, Wyo., 594 P.2d 470, 473 (1979).

See also, *Padilla v. State*, Wyo., 601 P.2d 189 (1979); *Reinholt v. State*, Wyo., 601 P.2d 1311 (1979); *Mainville v. State*, Wyo., 607 P.2d 339 (1980).

■ Appellant did not contest the fact that the three victims had been raped by an assailant as claimed by them. He contended that he was not the assailant. One victim identified him. The other two victims identified the hat found in appellant's possession as the one worn by the assailant. There was sufficient evidence from which the jury could make the findings necessary for the verdict.

## ADMISSIBILITY OF PHYSICAL EVIDENCE

■ Appellant alleges error in admission into evidence of an exhibit reflecting results of tests made on the blood, hair and saliva samples removed from appellant's person, with his consent, after he became a suspect in the first assault. The exhibit and the testimony concerning it was only to the effect that appellant could have been the assailant, as could 40% of the white population of the United States.

Appellant's contention of error is grounded on the fact that the testimony reflected a question as to who had custody of the samples when delivered from the police station to the laboratory for scientific examination. However, there was no evidence of tampering with, or alteration of, the exhibit which would reflect upon its viability as credible evidence. This, coupled with the insignificant break in proof of chain of custody, will prevent exclusion of the exhibit. *Lebeau v. State*, Wyo., 589 P.2d 1292 (1979); *Escobedo v. State*, Wyo., 580 P.2d 655 (1978). Furthermore, a subsequent exhibit, obtained in connection with the third assault, was admitted into evidence. It revealed identical results, i. e., same grouping of appellant's blood, hair and saliva. The accuracy of the first testing was thus supported.

The circumstances as a whole do not reflect prejudicial error in admission of the exhibit into evidence.

## DIVISION OF PRESENTATION OF PROSECUTION'S CASE

Inasmuch as appellant did not address this issue in his brief or support it by available precedent or cogent argument, we will not consider it, except to note that the prosecution did not "rest" in the usual sense after presentation of the evidence concerning a particular offense, but only indicated the separation of such presentation from that of the other offenses. *Grable v. State*, Wyo., 601 P.2d 1001 (1979); *Rissler & McMurry Company v. Atlantic Richfield Company*, Wyo., 559 P.2d 25 (1977).

Affirmed.