■ In the Matter of BERNARD SIMMONS, Appellant, v DEPARTMENT OF FIRE, CITY OF AUBURN, et al., Respondents. — Judgment unanimously affirmed, without costs, for reasons stated in memorandum decision at Trial Term, De Pasquale, J. (Appeal from judgment of Supreme Court, Cayuga County, De Pasquale, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.

■ In the Matter of DENNIS BUTHY, Petitioner. — Appeal unanimously dismissed, without costs. Memorandum: Petitioner appeals from the denial after a hearing of his petition for release from Gowanda Psychiatric Center. Petitioner was committed to the custody of the New York State Commissioner of Mental Health in 1972 after his acquittal of a charge of assault, first degree, by reason of mental disease or defect. His chief contention is that the court in reaching its determination erred in applying the "fair preponderance of the evidence" standard of proof instead of the "clear and convincing" standard enunciated in *Addington v Texas* (441 US 418) (see *Matter of Estes,* 75 AD2d 451; cf. *Matter of Torsney,* 47 NY2d 667). Because the order appealed from expired on August 19, 1982, we dismiss the appeal as moot. Were we to reach the merits, we would affirm based on our finding on this record that the People have established by clear and convincing evidence that petitioner has a dangerous mental disorder warranting continued confinement pursuant to CPL 330.20 (cf. *Matter of Snyder,* 88 AD2d 772). (Appeal from order of Supreme Court, Erie County, Kane, J. — CPL 330.20.) Present — Simons, J. P., Hancock, Jr., Doerr, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NAPIER-ALA, Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: In this arson case, defense counsel neglected to turn over to the prosecution a report prepared by his expert witness until after the witness had taken the stand to testify. As a consequence, the trial court precluded the witness from testifying. CPL 240.45 (subd 2) requires the defense counsel to make this report available to the prosecutor before presentation of the defendant's direct case. The sanctions for failure to do so are provided by CPL 240.70 (subd 1) and they include granting of a continuance, prohibiting the introduction of certain evidence or calling of certain witnesses and "any other appropriate action." Under the circumstances of this case it was an abuse of discretion to apply the severe sanction of preclusion when a brief continuance to permit the prosecutor to examine the three-page report prior to cross-examination would have been more appropriate. Accordingly, the judgment is reversed and a new trial granted. (Appeal from judgment of Supreme Court, Erie County, Kasler, J. — arson, fourth degree, and another charge.) Present — Simons, J. P., Hancock, Jr., Doerr, Boomer and Schnepp, JJ.