■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DONALD, Appellant. — Appeal by defendant (1) from a judgment of the Supreme Court, Suffolk County (Canudo, J.),

rendered March 10, 1980, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (D'Amaro, J.), dated January 19, 1984, which denied defendant's application pursuant to CPL article 440 to vacate said judgment.

Judgment and order affirmed.

Defendant has been convicted of manslaughter in the first degree in connection with the shooting of one Ethel Carter. The evidence at trial included an admission made by defendant to an inmate at the Suffolk County Jail. While such testimony should always be viewed with circumspection and, upon request, the jury so cautioned (see, e.g., *United States v Swiderski*, 539 F2d 854, 859-860; *United States v Garcia*, 528 F2d 580, cert den *sub nom. Sandoval v United States*, 426 US 952; *Fresneda v State*, 483 P2d 1011, 1015 [Alaska]; *Buckley v State*, 95 Nev 602; *LeBeau v State*, 589 P2d 1292 [Wyo]; 1CJI [NY] 7.10; 1 Devitt & Blackmar, Federal Jury Practice and Instructions [3d ed], § 17.02), it, along with the other proof in the case, was more than sufficient to establish defendant's guilt beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, 757, cert den __ US __, 105 S Ct 327; *People v Contes*, 60 NY2d 620; *United States v Holmes*, 453 F2d 950, 952, cert den 406 US 908).

Subsequently, however, the inmate purported to recant his testimony and defendant sought to vacate the conviction pursuant to CPL article 440. The court denied the application without a hearing. We agree with that determination.

It is ancient learning that "[t]here is no form of proof so unreliable as recanting testimony" (*People v Shilitano*, 218 NY 161, 170) and the court properly exercised its discretion in finding that the recantation affidavit executed by the inmate was incredible without conducting an evidentiary hearing (CPL 440.10, subd 1, pars [c], [f]; *People v Brown*, 56 NY2d 242, 246; *People v Welcome*, 37 NY2d 811; *People v Slaughter*, 37 NY2d 596, 601; *People v Balan*, 107 AD2d 811). The inmate had testified in exchange for a promise that the People would recommend a lighter sentence in connection with a conviction upon which he was awaiting sentence. The affidavit was executed after the inmate had received a higher sentence than anticipated because he had been arrested on another charge.

We also note that while the trial prosecutor failed to comply with the provisions of CPL 240.45 by turning over certain material concerning a prosecution witness after, rather than before, the People's opening address, this does not afford a basis for reversal. The purpose of the statutory requirement is to avoid "the intermittent and irritating * * * delays caused by

prior-statement turnovers" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 240.45, p 408) and, absent bad faith or prejudice, not present here, the appropriate remedy for noncompliance is an adjournment, not preclusion (*People v Keppler,* 92 AD2d 1032, 1033; *People v Napierala,* 90 AD2d 689). Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.