**William Dean KEENE, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

No. 91–276.

Supreme Court of Wyoming.

July 17, 1992.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, Tim Newcomb, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Mary Beth Wolff, Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

THOMAS, Justice.

The primary issue to be resolved in this case is whether a report of a law enforcement officer who investigated the crimes with which William Dean Keene (Keene) was charged in which the officer reported reactions of the witnesses to photographic lineups constitutes newly discovered evidence that should entitle Keene to a new trial. As an alternative to this question, Keene asserts that, if the report is not newly discovered evidence for purposes of his motion for a new trial, he is entitled to a new trial because of the failure of his trial defense attorney to discover the report in the prosecutor's file and utilize it at trial. Keene's contention is that he did not receive effective assistance of trial counsel. A third issue then is argued in which

* Chief Justice at time of oral argument.

Keene claims prejudicial joinder of two charges of kidnapping with the charge of armed robbery in light of the reversal of the kidnapping convictions. The trial court refused to grant Keene's motion for a new trial on any of the asserted grounds. We discern no reversible error in the ruling of the trial court. We hold that, in light of our authorities relating to new trials on the ground of newly discovered evidence, there was no newly discovered evidence; there was no ineffectiveness in the representation by the appointed defense counsel; and there was no prejudicial joinder. The order of the district court denying the motion for a new trial is affirmed.

Keene's statement of the issues in his Brief of Appellant is:

I. Did the trial judge err in failing to grant Mr. Keene's motion for new trial when Mr. Keene was prejudiced because his now vacated kidnapping charges were joined with the aggravated robbery charge?

II. Did the trial court err in failing to grant the motion for a new trial on the basis of newly discovered exculpatory evidence or in failing to find ineffectiveness of counsel in the alternative?

III. Did the trial court err in failing to grant the motion for a new trial on the basis of newly discovered evidence or in failing to find ineffectiveness of counsel in the alternative?

In the Brief of Appellee, the State of Wyoming furnishes the following statement of the issues:

I. Whether the trial court erred in denying Mr. Keene's motion for new trial based on prejudicial joinder of charges?

II. Whether the trial court erred in denying Mr. Keene's motion for new trial

so that the jury could further consider the reliability of the witnesses' identification of Mr. Keene as the robber?

This case is generated by Keene's conviction of armed robbery and two counts of kidnapping. In his initial appeal, the kidnapping charges were vacated by this court. *Keene v. State*, 812 P.2d 147 (Wyo. 1991). A more complete exposition of the material facts with respect to the case is found in *Keene*, 812 P.2d at 148–49. Following that reversal, Keene presented his motion for a new trial relying upon the grounds that are issues in this appeal, and that motion was denied by the trial court.

For purposes of our discussion, it suffices to note that, on September 28, 1988, a department store in Cheyenne was robbed. Four employees were in the store at the time, and each of them later identified Keene as the robber by use of a series of photographic lineups. The photographic lineups were presented to the respective witnesses by a law enforcement officer.

> The witnesses rejected the first four photo line-ups, but picked out Keene in the fifth one.... Misty Tucker and Ken Urquhart recognized photo #5 (Keene) as the robber. Lana Hendricks and Sharon Urquhart identified either photo #1 (because of the hair) or #5 (Keene) as the robber, and Hendricks believed she could identify the robber in person.

*Keene*, 812 P.2d at 149.

At trial, all of the witnesses identified Keene in the courtroom. On December 12, 1989, the jury convicted Keene of one count of aggravated robbery;[1] two counts of kidnapping charged as having occurred during the robbery;[2] and violation of the habitual

1. Wyo.Stat. § 6–2–401 (1988) provides, in pertinent part:
   (c) Aggravated robbery is a felony punishable by imprisonment for not less than five (5) years nor more than twenty-five (25) years if in the course of committing the crime of robbery the person:
   ....
     (ii) Uses or exhibits a deadly weapon....

2. Wyo.Stat. § 6–2–201 (1988) provides, in pertinent part:

   (a) A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business or from the vicinity where he was at the time of the removal, or if he unlawfully confines another person, with the intent to:
   ....
     (ii) Facilitate the commission of a felony....

criminal statute[3] based upon prior felony convictions. After the initial appeal, this court vacated the kidnapping convictions, but the robbery conviction and the enhanced sentence pursuant to the habitual criminal statute were affirmed.

Keene asserts that only later did he learn that his attorney did not have the entire report of the investigating officer at the time of the trial, even though the prosecutor permitted his attorney to copy the entire file in response to discovery motions. Keene then presented a motion for a new trial asserting that the new trial was warranted: (1) because of the newly discovered evidence; and (2) because of prejudicial joinder of the robbery and kidnapping charges during his trial. Keene later dropped his prejudicial joinder argument and pursued his motion for a new trial solely upon the claim of newly discovered evidence.

The trial court denied the motion for a new trial. It found the fact to be that defense counsel had total access to all of the prosecutorial file and that all of the documents were available in the file at the time Keene, through his counsel, exercised his right of discovery. In this appeal, Keene continues to assert error on the ground of newly discovered evidence; he complains of the failure of his counsel to properly discover and use that evidence if the facts are as the trial court found them to be; and he now reasserts the prejudicial joinder of the kidnapping charges in light of the reversal of his convictions on those counts.

We recently reiterated our standard for review with respect to entitlement to a new trial upon newly discovered evidence. In *Brown v. State*, 816 P.2d 818, 822 (Wyo.1991), we said, "[t]he decision of the district court on ... a motion [for new trial] will be upheld absent an abuse of discretion." In this instance, the trial court found that the entire investigative report furnished by the law enforcement officer

was present in the file at the time Keene's counsel was permitted to copy the file. The two missing pages may have been the result of a failure of a copying machine, or some other mistake or misplacement. The finding of the trial court that the evidence was available to the defense counsel is supported by the evidence in the record. For that reason, it was not newly discovered evidence even though it may not have been perceived and analyzed by counsel. In *Opie v. State*, 422 P.2d 84, 85 (Wyo. 1967), we set forth the requirements that must be satisfied in order to gain a new trial upon newly discovered evidence in this way:

(1) That the evidence has come to [appellant's] knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is so material that it would probably produce a different verdict, if the new trial were granted; and (4) that it is not cumulative, viz., speaking to facts in relation to which there was evidence at the trial.

As we have noted earlier, the "newly discovered evidence" in this case consisted of the report of the investigating officer with respect to the responses of the several witnesses to the photographic lineups that were presented to them. In pertinent part, this claimed new evidence found in the officer's report was:

*Lana Hendricks:* ... Lana stated that it looks like #1 but she can not be sure because the hair was different. I then asked Lana if she saw the robber again face to face if she would be able to identify him? Lana stated that she did not know for sure.

*Ken Urquhart:* Ken advised that he only really saw the suspect from just above the nose down. And from what he remembered it looked like #4 or #5. And from those two that he would say it was #5.

---

**3.** Wyo.Stat. § 6–10–201 (1988) provides, in pertinent part:

  (a) A person is an habitual criminal if:
    (i) He is convicted of a violent felony; and

    (ii) He has been convicted of a felony on two (2) or more previous charges separately brought and tried which arose out of separate occurrences in this state or elsewhere.

*Misty Tucker:* ... After about 10 seconds she advised that it was # 5. ... Misty then asked me if it was # 5? I advised her that it was.

*Sheri (Sharon) Urquhart:* Sheri advised after looking the line up over that it looked the most like # 1 but it might be # 5. Sheri advised that she really needed to see a side view of the suspect to be sure. Sheri advised that she thought that she could identify the suspect in person.

(Keene was in photo # 5.)

The evidence at trial included the following:

EXAMINATION OF LANA HENDRICKS BY DEFENSE COUNSEL:

Q. Now, in this photographic lineup here, in which you identified Mr. Keene, it's true, isn't it, that you identified two people?

A. Yes.

Q. Okay. If you would, would you look at that photo lineup for me, please. Now, you identified one and five in that photo lineup; is that correct?

A. I identified number five and number one because of the hair.

EXAMINATION OF KEN URQUHART BY DEFENSE COUNSEL:

Q. When you identified Mr. Keene on the photo lineup, you said that number five looked like him from the nose down?

A. Uh-huh.

EXAMINATION OF MISTY TUCKER BY PROSECUTOR:

Q. Which one did you identify?

A. Number five.

EXAMINATION OF SHARON URQUHART BY DEFENSE COUNSEL:

Q. ... Now, when you identified Mr. Keene in the photo lineup, I believe your testimony was that you said in that photo lineup it was either person number one or person number five; is that correct?

A. Yes.

EXAMINATION OF DETECTIVE ZUKAUCKAS BY DEFENSE COUNSEL:

Q. ... You showed [the photo lineup] to a Misty Tucker?

A. Yes.

Q. And which one did she pick out?

A. Number five.

Q. Lana Hendricks?

A. She picked one or five.

Q. And Ken Urquhart?

A. He picked number five.

Q. Sherri (Sharon) Urquhart?

A. She picked one or five.

It is clear from this transcript that Keene's defense counsel did discern and develop the fact that some of the witnesses were not completely satisfied of Keene's identity from the photographic lineups that were presented to them. The information contained in the report of the investigating officer would not have been of material assistance to the defense in Keene's case, and there is no likelihood that it would have produced a different verdict. It follows for us that the "newly discovered evidence" fails the third and fourth requirements of the *Opie* test. Furthermore, while this information may not have been within Keene's cognizance at the time of trial, it is clear that it would have been, in the exercise of due diligence.

Keene suggests that the investigating officer's report be analyzed in light of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). There is at least a suggestion that what occurred was the suppression of material evidence by the prosecution, which is a violation of the right of an accused to due process of law required of the state pursuant to the Fourteenth Amendment to the Constitution of the United States, regardless of good or bad faith. *Brady* requires, in order to find a denial of due process, that the evidence was suppressed and that it is material to the question of either the guilt or punishment of the defendant. We have noted the factual finding by the trial court that the claimed newly discovered evidence was not suppressed, a finding by which we are bound and, consequently, the first requirement of the *Brady* test is not met. Even if sup-

pression were to be discerned, Keene is unable to satisfy the materiality requirement of *Brady*, as we have pointed out in our discussion of *Opie*.

We note in passing that, while Keene does not present a claim of suggestive identification, we have set forth the standard with respect to the reliability of in-trial identification in *Campbell v. State*, 589 P.2d 358 (Wyo.1979). That case specifically dealt with suggestive pre-trial identification concerns and, quoting from *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977), we noted the factors that are determinative with respect to reliability:

> [I]nclude the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

In this instance, the robber was in the store from three to seven minutes. All of the witnesses had ample opportunity to observe the robber. The circumstances surrounding the criminal activity would be likely to induce a state of heightened awareness. All of these witnesses then identified Keene in one of the photo lineups presented to them, and they assisted in the creation of composite drawings of the robber by a police artist. At trial, all of these witnesses were able to identify Keene as the robber. Even though this trial occurred more than one year after the crime, and the witnesses did not all positively identify Keene in any of the photo lineups, we are satisfied that there is no prospect that the in-trial identification of Keene was tainted by use of the photo lineups. This conclusion supports our holding that the missing portion of the investigative report could only have been impeaching evidence and could only have been cumulative to what the examination of the witnesses developed and, for that reason, it was not material.

We hold that there was no abuse of discretion with respect to the denial of the motion for new trial based upon the ground of newly discovered evidence, and we affirm the decision of the district court with respect to that ruling.

■ Turning then to the alternative to the first claim of error, that is, that Keene was deprived of effective assistance of counsel because of the failure to locate and use the investigative officer's report that was in the prosecutor's file, we reiterate the test adopted under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh'g denied 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), as it is outlined in *Frias v. State*, 722 P.2d 135, 145 (Wyo.1986):

> [F]irst ... [appellant must show] that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed [appellant] by the Sixth Amendment. Second, [appellant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive [appellant] of a fair trial, a trial whose result is reliable.

We are not persuaded that Keene's trial attorney in any way failed to satisfy these requirements.

The record supports the view that, even though Keene's attorney did not have the investigative report, he brought out, through cross-examination, the fact that some of the witnesses were unsure of the identity of the robber from the photo lineups. Counsel cross-examined those witnesses extensively on their inconsistent and uncertain identification. These inconsistencies were dwelt upon in both opening statement and closing argument. We cannot perceive any further questions, statement, or argument that would have assured more effective representation in the context of the Sixth Amendment to the Constitution of the United States and Article 1, Section 10 of the Constitution of the State of Wyoming.

Our examination of this record persuades us that there was no deficient performance of counsel and, for that reason, we do not even have to address the prejudice ramification of the *Strickland* test. If we had to concern ourselves with prejudice, we would have difficulty in perceiving that the missing pages from the investigative report constituted prejudicial error under these circumstances. In light of the very successful advocacy at the trial on these particular points, we would not be persuaded that prejudice was present. In our view, Keene had effective assistance of counsel at his trial according to the standards of *Frias* and *Strickland.*

■ We have doubt that Keene has preserved his third claim of error. He asserts that the joinder of the kidnapping charges, the convictions for which were later reversed, with the armed robbery charge constituted prejudicial error at trial. He argues that a new trial is warranted on the armed robbery charge alone. Wyo. R.Crim.P. 33(a) requires:

> A motion for a new trial based on any grounds ... shall be made within 10 days after verdict or finding of guilty or within such further time as the court may fix during the 10 day period.

The verdict in this case was returned on December 12, 1989. Keene made the motion for a new trial on the grounds of prejudicial joinder on June 27, 1991, almost two years after the verdict. In addition, Keene did not pursue this ground at the hearing on his motion in the district court. Instead, we find that he presented a Renewed Motion for New Trial on the grounds of prejudicial joinder in the district court on November 19, 1991. In neither instance was the motion made within the ten-day limit specified by Wyo.R.Crim.P. 33(a), and both should appropriately be rejected for that reason.

■ Even though these motions were not procedurally correct, we could not find that the claim has substantive validity. Joinder of offenses is provided by Wyo. R.Crim.P. 8(a) for those offenses that:

> [A]re of the same or similar character or are based on the same act or transaction, or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

In this case, the alleged kidnappings occurred within the same time frame of the robbery and were allegedly accomplished in the furtherance of the armed robbery. The facts that led to the allegation of the kidnappings would have been presented in evidence at trial whether the kidnapping charges had been joined or not. There is a clear connection of the evidence going both to the issues of the alleged kidnappings and the robbery, and "the evidence relating to the similar offenses charged would be admissible in a separate trial of each offense." *Dorador v. State,* 768 P.2d 1049, 1052 (Wyo.1989), citing *Tabor v. State,* 616 P.2d 1282, 1284 (Wyo.1980). Consequently, the joinder of these charges was proper, even though the kidnapping charges were reversed in the initial appeal.

■ Furthermore, severance or other relief from joinder is provided in Wyo. R.Crim. P. 14 "[i]f it appears that the defendant or the state is prejudiced by a joinder of offenses...." Keene presented a motion pursuant to Rule 14 to sever these charges on October 2, 1989, and the motion was again brought before the trial court prior to the verdict on December 7, 1989. On both occasions, the motion was denied by the trial court. We can discern no abuse of discretion by the trial court in an instance such as this in which the joinder of the charges was appropriate in the first place, and in which Keene has furnished no information to demonstrate that he was prejudiced by the joinder of the charges aside from his bald assertion.

We hold that no reversible error occurred in connection with any of the issues presented by Keene in this appeal. The denial of his motion for a new trial by the trial court is affirmed.