OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant alleges that, relying on the court reporter’s certification that the transcript of each day’s proceedings was a complete record of the machine shorthand notes, appellate counsel neglected to include in the filed brief a
 
 Batson
 
 issue that had been preserved in the voir dire minutes
 
 (see, Batson v Kentucky,
 
 476 US 79). Apparently, as a matter of practice, voir dire minutes were not included as part of trial transcripts. Just after this Court’s decision in
 
 People v Antommarchi
 
 (80 NY2d 247), appellate counsel obtained permission to file supplemental briefs in this case and several other appeals pending in the Fourth Department in order to raise possible
 
 Antommarchi
 
 issues. After
 
 People v Mitchell
 
 (80 NY2d 519), however, the Appellate Division denied defendant leave to file a supplemental brief, and reviewed and affirmed his conviction on the previously filed brief.
 

 While defendant suggests a deprivation of due process and denial of equal protection, we conclude there was no error here, and that the Appellate Division acted within the proper exercise of its discretion to control its own calendar. The
 
 Batson
 
 issue could have been discovered and included in defendant’s original brief. Nor did defendant’s indigence affect his access to a complete transcript, as the minutes were transcribed upon his request.
 

 Defendant’s remaining contentions are similarly without merit. Even if ethnic groups are cognizable under
 
 Batson,
 
 an issue we need not reach, defendant failed to establish a prima facie case. Moreover, we cannot agree that defendant was deprived of his constitutional right to testify on his own behalf because he personally did not waive that right on the record.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order affirmed in a memorandum.