■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERWIE RICHARDSON, Also Known as JERRY RICHARDSON, Appellant. [611 NYS2d 463] —Judgment unanimously affirmed. Memorandum: Although the prosecutor failed timely to provide defense counsel with the criminal record of a People's witness prior to opening statements *(see,* CPL 240.45 [1] [b]), that record was provided prior to direct examination of that witness and the trial court offered defense counsel an adjournment prior to cross-examination. After direct examination, defense counsel declined the court's offer of an adjournment and indicated that he was ready to proceed. Defense counsel conducted an effective cross-examination of the witness, including examination concerning prior convictions. Under the circumstances, the untimely disclosure does not warrant reversal *(see, People v Donald,* 107 AD2d 818; *People v Napierala,* 90 AD2d 689).

Contrary to defendant's contention, New York does not require that a defendant personally waive the right to testify on the record *(see, People v Fratta,* 83 NY2d 771). Defendant failed to object to cross-examination of a defense alibi witness upon the ground that questioning the witness concerning

pretrial silence was impermissible *(see, People v Dawson,* 50 NY2d 311). Thus, defendant failed to preserve that issue for appellate review *(see,* CPL 470.05 [2]; *People v West,* 56 NY2d 662; *People v Dawson, supra,* at 324). Defendant raised no exception to the court's jury instructions, thereby failing to preserve his challenge to those instructions *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351). We decline to review either issue in the interest of justice. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.