■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY FAGAN, Appellant. [611 NYS2d 389] —Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: County Court erred in summarily denying defendant's suppression motion. That motion was predicated upon the affirmation of defense counsel that, upon information and belief, no "controlled buys" of cocaine took place at the time and place referred to in the warrant application. The source of that information was defense counsel's conversation with defendant and defense counsel's investigation and review of the various papers filed on the matter. The People challenged the sufficiency of the factual allegations.

The sufficiency of the factual allegations should be evaluated by "(1) the face of the pleadings, (2) * * * the context of the motion, and (3) defendant's access to information" *(People v Mendoza,* 82 NY2d 415, 426). We conclude that, under the circumstances, defense counsel's affirmation was sufficient to raise a factual issue necessitating a hearing. We remit the matter, therefore, for a suppression hearing.

Defendant contends that reversal is required because the record does not demonstrate an explicit waiver of his right to testify on his own behalf. That contention is without merit *(see, People v Fratta,* 83 NY2d 771). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.