■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ACEVEDO, Appellant. [633 NYS2d 822] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered November 9, 1992, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was deprived of his constitutional right to testify on his own behalf because he did not waive this right on the record *(see, People v Fratta,* 83 NY2d 771; *People v Fagan,* 203 AD2d 933; *People v Richardson,* 203 AD2d 932).

A photograph of the scene where the defendant shot the victim was properly admitted into evidence even though a portion of the photograph contained a bloodied sidewalk. Photographs are admissible if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered. They should be excluded only if their sole purpose is to arouse the emotions of the jury and to prejudice the defendant *(see, People v Wood,* 79 NY2d 958, 960; *People v Pobliner,* 32 NY2d 356, 370, *cert denied* 416 US 905). Here, the photograph showed the scene where the shooting occurred and corroborated the testimony of witnesses whose credibility had been challenged. Thus, the photograph was properly admitted *(see, People v Wood, supra; People v Pobliner, supra; People v Cruz,* 176 AD2d 953).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either without merit

or unpreserved for appellate review. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.