# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1038

KA 13-00818

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

JUSTIN JONES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered August 14, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his guilty plea, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in denying his request for a probable cause hearing to determine the lawfulness of his arrest and the admissibility of evidence obtained by the police as a result thereof. We agree. As the People correctly concede, the court erred in determining that defendant was not entitled to a hearing because his motion papers did not include an affidavit from defendant (see CPL 710.60 [1]; *People v Mendoza*, 82 NY2d 415, 421; *People v Battle*, 109 AD3d 1155, 1156, *lv denied* 22 NY3d 1038). The court also erred in determining that the factual assertions contained in defendant's moving papers were insufficient to warrant a hearing.

In determining whether a hearing is required pursuant to CPL 710.60, "the sufficiency of defendant's factual allegations should be evaluated by (1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant's access to information" (*Mendoza*, 82 NY2d at 426). Here, considering defendant's limited access to information regarding the basis for the actions of the arresting officers, he "could do little more than dispute the circumstances surrounding his arrest . . . [D]efendant's lack of access to information precluded more specific factual allegations and created factual disputes, the resolution of which required a hearing" (*People v Bryant*, 8 NY3d 530, 534). Thus, "[w]e

conclude that, under the circumstances, defense counsel's affirmation was sufficient to raise a factual issue necessitating a hearing" (*People v Fagan*, 203 AD2d 933, 933). We therefore hold the case, reserve decision and remit the matter to Supreme Court to conduct a suppression hearing.

Entered: October 9, 2015                    Frances E. Cafarell
                                            Clerk of the Court