People v White (2021 NY Slip Op 01639)





People v White


2021 NY Slip Op 01639


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


912 KA 15-01421

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HOWARD R. WHITE, ALSO KNOWN AS PROPHET, DEFENDANT-APPELLANT. 






EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.
HOWARD R. WHITE, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 14, 2015. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Although defendant contends in his pro se supplemental brief that the felony complaint was defective, the felony complaint was superseded by the indictment to which defendant pleaded guilty, and he therefore may not challenge the felony complaint on appeal (see People v Kates, 162 AD3d 1627, 1628 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019]). We reject defendant's contention in his main brief that he was denied effective assistance of counsel (see generally People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]; People v Campbell, 62 AD3d 1265, 1266 [4th Dept 2009], lv denied 13 NY3d 795 [2009]). We agree with defendant, however, that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant further contends in his main brief that Supreme Court erred in denying his request for a probable cause hearing, and we agree. "When made before trial, suppression motions must be in writing, state the legal ground of the motion and contain sworn allegations of fact made by defendant or another person" (People v Mendoza, 82 NY2d 415, 421 [1993] [internal quotation marks omitted]). A hearing may be denied "unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (id. at 426 [internal quotation marks omitted]).
Here, defendant specifically alleged that officers "responded to [the scene] after . . . defendant, or someone at his behest, called 911" and that defendant, upon their arrival, told them that he "found [the victim] on the stairs bleeding and was trying to help him." Defendant alleged that, based on that information, "[t]he police removed [him] from the scene and placed him in the back of a police vehicle, and took his personal cell phone from him" without reasonable suspicion or probable cause justifying the intrusion. Although the People contended that defendant made other statements to the officers that heightened their level of suspicion and justified the intrusion, defendant's motion papers disputed this assertion, alleging instead that, at the time of the intrusion, "the police knew nothing more than [that the victim] appeared to have been shot, and [that defendant] . . . had discovered him and summoned help while trying to give assistance at the scene." Indeed, at oral argument on the motion, defendant further explained that [*2]he specifically disputed what information the police had at the time of the intrusion. We conclude that, under these circumstances, defendant sufficiently raised a factual issue necessitating a hearing (see generally People v Jones, 132 AD3d 1388, 1388-1389 [4th Dept 2015]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to conduct a suppression hearing.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court