People v White (2022 NY Slip Op 03622)

People v White

2022 NY Slip Op 03622

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

323 KA 15-01421

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HOWARD R. WHITE, ALSO KNOWN AS PROPHET, DEFENDANT-APPELLANT. 

EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT. 
HOWARD R. WHITE, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 14, 2015. The appeal was held by this Court by order entered March 19, 2021, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (192 AD3d 1539 [4th Dept 2021]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision and remitted the matter to Supreme Court to conduct a suppression hearing, and we rejected defendant's remaining contentions (People v White, 192 AD3d 1539 [4th Dept 2021]). Upon remittal, after a hearing the court determined that the detention of defendant by the police in a patrol car and the securing of defendant's cell phone was lawful, and the court therefore refused to suppress evidence arising from defendant's detention. We affirm. Contrary to defendant's sole contention in his pro se supplemental brief on resubmission, the hearing record does not support the conclusion that the testifying officers had "lacked present recollection" of the events (People v Grover, 78 AD2d 590, 590 [4th Dept 1980]). Defendant raises no further contentions with respect to the court's refusal to suppress evidence following the hearing and has thus abandoned any such contentions (see People v Blair, 129 AD3d 1514, 1515 [4th Dept 2015], lv denied 26 NY3d 965 [2015], reconsideration denied 26 NY3d 1038 [2015]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court